## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,** 1156 15th Street NW, Suite 1250 Washington, D.C. 2005 | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **UNITED STATES CUSTOMS AND BORDER PROTECTION** 245 Murray Lane SW Washington, D.C. 20528 | *Related to:* Civil Action No. 18-cv-00155 (TNM) |
| and | |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** 1300 Pennsylvania Avenue, NW Washington, D.C. 20229 | |
| Defendants. | |

## <u>COMPLAINT</u>

The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "RCFP"), by and through its undersigned counsel, alleges as follows:

1.    This is an action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief by the Reporters Committee against the United States Customs and Border Protection ("CBP") and the United States Department of Homeland Security ("DHS") (collectively, "Defendants").

2.    By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release agency records concerning CBP's use of its summons authority under 19 U.S.C. § 1509—the authority cited by CBP as the basis for its

demand, made in March 2017, that Twitter, Inc. ("Twitter") provide it with information identifying the one or more persons using the Twitter account @ALT_uscis, an anonymous account critical of CBP.

3.      The Reporters Committee further seeks to compel Defendants to comply with their obligations under FOIA to release requested records concerning the processing of an earlier RCFP FOIA request related to CBP's demand that Twitter unmask the user or users of the @ALT_uscis Twitter account.  That earlier RCFP FOIA request is the subject of litigation currently pending before this Court (Civil Action No. 18-cv-00155).

4.      The Reporters Committee is statutorily entitled to disclosure of the agency records it seeks so that it may inform the public about the nature of and purpose for Defendants' demands to Twitter for information concerning the individual(s) behind @ALT_uscis. Defendants have improperly withheld the records requested by the Reporters Committee in violation of FOIA.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7.      Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records.  The Reporters Committee is located at 1156 15th Street NW, Suite 1250, Washington, D.C. 20005.

8.     Defendant DHS is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702.  DHS has possession, custody, and/or control of records that the Reporters Committee seeks.  DHS's headquarters are located at 245 Murray Lane S.W., Washington, D.C. 20528.

9.     Defendant CBP is an agency of the federal government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702.  CBP is a component of DHS.  CBP has possession, custody, and/or control of records that the Reporters Committee seeks.  CBP's headquarters are located at 1300 Pennsylvania Avenue N.W., Washington, D.C. 20229.

## FACTUAL ALLEGATIONS

### Background

10.     Following the inauguration of President Donald J. Trump in January 2017, a number of anonymous "alternative agency" accounts began to appear on Twitter.  *See* Kayla Epstein and Darryl Fears, *Rogue Twitter accounts spring up to fight Donald Trump on climate change*, The Washington Post, Jan. 25, 2017, https://perma.cc/FR3L-VLGK.  These accounts— controlled by speakers who purport to be current or former employees of federal agencies or other individuals familiar with the workings of those agencies—provide commentary on official actions and policies of the Trump Administration.  *Id.*  Such accounts, which have been highly critical of the Administration and its policies, have amassed audiences of Twitter users ("followers") numbering in the tens of thousands or more.  *See, e.g.* @RogueNASA, Twitter (May 30, 2018, 3:53 p.m.), https://twitter.com/roguenasa (879K followers as of May 30, 2018); @AltNatParkSer, Twitter (May 30, 2018, 3:54 p.m.), https://twitter.com/altnatparkser (85.3K followers as of May 30, 2018).

11. Like many social media platforms, Twitter allows users to choose whether or not to identify themselves publicly; a user who wishes to remain anonymous may select a user name using a pseudonym that does not disclose her or his true identity. Anonymity of the speaker(s) is a hallmark of "alternative agency" accounts. The individual(s) behind them speak anonymously in order to ensure that they may speak freely without fear of the negative consequences that could follow if they were identified as the source of critical commentary concerning the Administration and/or specific agencies. *See* Alleen Brown, *Rogue Twitter Accounts Fight to Preserve the Voice of Government Science*, The Intercept, Mar. 11, 2017, https://perma.cc/NEC9-YTPM.

12. @ALT_uscis is an "alternative agency" account that has amassed more than 205,000 followers and disseminated more than 41,000 tweets since its creation in January 2017. *See* @ALT_uscis, Twitter (May 30, 2018, 3:59 p.m.), https://twitter.com/alt_uscis (205K followers as of May 30, 2018). @ALT_uscis has been used as a platform to criticize immigration policies of the Administration with which the user(s) disagree, including President Trump's immigration Executive Orders and his proposal to build a wall along the U.S.-Mexico border. *Id.* In addition, the @ALT_uscis account has highlighted what the user(s) view as a history of mismanagement at CBP, and has regularly tweeted criticism of CBP's practices. *See, e.g.,* @ALT_uscis, Twitter (Feb. 3, 2017 tweet alleging that CBP agents were "walking public area of [airport] terminals approaching brown people mentioning they look like a suspect").

13. On April 6, 2017, Twitter filed suit against CBP and DHS in the United States District Court for the Northern District of California alleging that the Defendants had issued a summons to Twitter demanding that it provide certain information to identify the user or users behind the @ALT_uscis account. *See* Complaint, *Twitter, Inc. v. U.S. Dep't of Homeland*

*Security, et al.*, No. 3:17-cv-01916 (N.D. Cal. Apr. 6, 2017).  Specifically, Twitter alleged that

on March 17, 2017, an agent within CBP transmitted to Twitter by fax a summons (the "CBP

Summons," a true and correct copy of which is attached to this Complaint as Exhibit A) ordering

Twitter to produce certain records pertaining to the @ALT_uscis account, including "[u]ser

names, account login, phone numbers, mailing addresses, and I.P. addresses."  *See* Ex. A at 3.

The CBP Summons invoked as authority 19 U.S.C. § 1509, an administrative provision of the

Tariff Act of 1930 which authorizes the agency to compel production of a narrow class of

records related to the importation of merchandise.  *See* 19 U.S.C. § 1509.  Twitter challenged the

summons on, *inter alia*, First Amendment grounds.

      14.     The day after Twitter filed suit, CBP withdrew its summons, and Twitter

voluntarily dismissed its claims without prejudice.  *See* Mike Isaac, *U.S. Blinks in Clash with*

*Twitter; Drops Order to Unmask Anti-Trump Account*, N.Y. Times, Apr. 7, 2017,

http://nyti.ms/2oKumez.

      15.     On November 16, 2017, the DHS's Office of Inspector General released a report

titled "Management Alert—*CBP's Use of Examination and Summons Authority Under 19 U.S.C.*

*§ 1509*" (the "OIG Report").  A true and correct copy of the OIG Report is attached to this

Complaint as Exhibit B.  The OIG Report addressed the CBP Summons issued to Twitter,

determining that "lack of clear guidance on the proper use of Section 1509 Summons has

resulted in inconsistent—and in some cases, improper—use of such summonses."  The OIG

Report contained three recommendations aimed at ensuring that CBP personnel are informed and

trained on the appropriate exercise of CBP's examination and summons authority under 19

U.S.C. § 1509.

16.     On April 17, 2017, Jennifer A. Nelson ("Ms. Nelson"), on behalf of the Reporters Committee, submitted a FOIA request to DHS via FOIAOnline (hereinafter, the "Original Request").  A true and correct copy of the Original Request is attached to this Complaint as Exhibit C, and is incorporated by reference herein.

17.     The Original Request sought certain categories of records regarding demands from CBP and/or DHS that Twitter release information to identify the person(s) using the Twitter account @ALT_uscis; the request, broken into five "categories," sought essentially two separate groups of records:  (1) records concerning CBP and/or DHS's efforts to identify the user or users behind the @ALT_uscis account ("Categories 1–3"); and (2) the guidelines and policies governing the applicable authority, including but not limited to 19 U.S.C. § 1509, used by CBP to compel the production of records to unmask the identity of persons using databases, social media programs, and other software, as well as a recipient's ability to object to a summons issued pursuant to 19 U.S.C. § 1509 ("Categories 4 and 5").

18.     The Reporters Committee filed suit on January 24, 2018, after Defendants failed to produce any records in response to the Original Request.  *See* Compl., *Reporters Comm. For Freedom of the Press v. CBP* ("Original Action"), No. 18-cv-00155 (D.D.C. Jan. 24, 2018). That related lawsuit is currently pending before this Court.

**Plaintiff's Second FOIA Request**

19.     On March 26, 2018, Ms. Nelson, on behalf of the Reporters Committee, submitted an additional FOIA request to DHS via FOIAOnline (hereinafter, the "Second Request").  A true and correct copy of the Second Request is attached to this Complaint as Exhibit D, and is incorporated by reference herein.

20.     The Second Request seeks the processing notes for the Original Request.

Specifically, the Second Request asks for:

(1) All processing notes regarding FOIA request number CBP-2017-049451. This FOIA request was submitted by RCFP to CBP on April 17, 2017;

(2) All processing notes regarding FOIA request number CBP-OIT-2017-049451.  This FOIA request was submitted by RCFP to CBP on April 17, 2017;

(3) All records of communications within CBP or between CBP and DHS, including but not limited to emails, memoranda, and directives, regarding FOIA request number CBP-2017-049451;

(4) All records of communications within CBP or between CBP and DHS headquarters or other DHS components, including but not limited to emails, memoranda, and directives, regarding FOIA request number CBP-OIT-2017-049451;

(5) All e-mail communications to or from Miranda Oyler, Government Information Specialist, Customs and Border Protection, FOIA Division, from April 17, 2017 to present, including communications on which Ms. Oyler was carbon copied ("CC'd") or blind carbon copied ("BCC'd"), regarding FOIA request number CBP-2017-049451;

(6)  All e-mail communications to or from Miranda Oyler, Government Information Specialist, Customs and Border Protection, FOIA Division, from April 17, 2017 to present, including communications on which Ms. Oyler was carbon copied ("CC'd") or blind carbon copied ("BCC'd"), regarding FOIA request number CBP-OIT-2017-049451;

(7) Any and all emails sent by CBP's Office of Information and Technology ("OIT") to CBP employees asking them to search for records in response to FOIA request number CBP-2017-049451;

(8) Any and all emails sent by OIT to CBP employees asking them to search for records in response to FOIA request number CBP-OIT-2017-049451; and

(9) All processing notes regarding administrative appeal number CBP-AP-2017-063198. This FOIA appeal was submitted by RCFP to CBP on June 6, 2017.

Ex. D at 1–2.

21.     The Second Request complied with all applicable CBP and DHS regulations

regarding the submission of FOIA requests.

**Defendants' Treatment of the Second Request**

22.     Ms. Nelson received a confirmation e-mail confirming receipt of the Second Request on May 7, 2018.  The confirmation e-mail assigned it tracking number CBP-2018-042000.

23.     As of the filing of this Complaint, no further information or communication from Defendants concerning the Second Request has been received by the Reporters Committee.

24.     As of the filing of this Complaint, Defendants have not made a determination as to the Reporters Committee's Second Request nor released any records or portions thereof that are responsive to the Second Request.

25.     As of the filing of this Complaint, it has been 66 calendar days since the Reporters Committee's Second Request was submitted.

**Plaintiff's Third FOIA Request**

26.     On May 1, 2018, Ms. Nelson, on behalf of the Reporters Committee, submitted an additional FOIA request to DHS via FOIAOnline (hereinafter, the "Third Request").  A true and correct copy of the Third Request is attached to this Complaint as Exhibit E, and is incorporated by reference herein.

27.     Specifically, the Third Request asks for:

All records, including but not limited to communications, opinions, memoranda, directives, guidelines, checklists, or criteria, containing or referencing any of the following terms since January 1, 2016:

(1) "19 U.S.C. § 1509";
(2) "19 USC § 1509";
(3) "Section 1509";
(4) "§1509";
(5) "§ 1509";
(6) "19 USC 1509"; or
(7) "19 U.S.C. 1509".

Records responsive to the above request should include, but are not limited to, any and all revisions to its Special Agent Internal Operating Procedures (IOP) that communicate guidance on the proper use of Section 1509 summonses.  *See, e.g.*, *Management Alert – CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509*, Nov. 16, 2017, at 6 ("CBP agreed to issue a revised IOP by April 30, 2018, which will include updated guidance on the issuance of Section 1509 Summonses / DHS 3115.").

RCFP is not interested in obtaining and does not request any summons to appear and/or produce records issued pursuant to 19 U.S.C. § 1509.  As a reference, we attach a sample of a summons issued pursuant to 19 U.S.C. § 1509.  We do not seek such documents.

Ex. E at 1–2.

28.     The Third Request complied with all applicable CBP and DHS regulations regarding the submission of FOIA requests.

### Defendants' Treatment of the Third Request

29.     Ms. Nelson received a confirmation e-mail confirming receipt of the Third Request on May 2, 2018.  The confirmation e-mail assigned it tracking number CBP-2018-052337.

30.     As of the filing of this Complaint, no further information or communication from Defendants concerning the Third Request has been received by the Reporters Committee.

31.     As of the filing of this Complaint, Defendants have not made a determination as to the Reporters Committee's Third Request nor released any records or portions thereof that are responsive to the Third Request.

32.     As of the filing of this Complaint, it has been 30 calendar days since the Reporters Committee's Third Request was submitted.

### CAUSES OF ACTION

### Count I

### Violation of FOIA for Failure to Comply with Statutory Deadline

33.     The Reporters Committee repeats and re-alleges the foregoing paragraphs.

34.      Defendants are agencies subject to FOIA.

35.      Through the Second and Third Requests, the Reporters Committee properly asked for records within the possession, custody and/or control of Defendants.

36.      Defendants failed to make a determination with respect to either the Second or Third Request within the 20-working day deadline required by FOIA.  5 U.S.C. § 552(a)(6)(A).

37.      The Reporters Committee is deemed to have exhausted applicable administrative remedies with respect to the Second and Third Requests.  5 U.S.C. § 552(a)(6)(C).

<u>Count II</u>

**Violation of FOIA for Wrongful Withholding of Agency Records**

38.      The Reporters Committee repeats and re-alleges the foregoing paragraphs.

39.      Defendants are agencies subject to FOIA.

40.      Through the Second and Third Requests, the Reporters Committee properly asked for agency records within the possession, custody, and/or control of Defendants.

41.      Defendants have not released any records or portions thereof that are responsive to either the Second or Third Request.

42.      Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to either the Second or Third Request.

43.      Defendants have failed to identify whether or how disclosure of each of the records sought through either the Second or Third Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

44.       Defendants have improperly withheld agency records responsive to the Second and Third Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

45.     The Reporters Committee is deemed to have exhausted applicable administrative remedies with respect to the Second and Third Requests.  5 U.S.C. § 552(a)(6)(C).

## REQUEST FOR RELIEF

WHEREFORE, the Reporters Committee respectfully requests that this Court:

(1) order Defendants to conduct a reasonable search for all records responsive to the Reporters Committee's Second and Third Requests, and to immediately disclose all non-exempt records responsive to the Second and Third Requests in their entirety, as well as all non-exempt portions of responsive records;

(2) issue a declaration that the Reporters Committee is entitled to disclosure of the records responsive to the Second and Third Requests;

(3) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Second and Third Requests;

(4) award the Reporters Committee reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated:  May 31, 2018

Respectfully submitted,
 /s/ Katie Townsend
Katie Townsend
DC Bar No. 1026115
Jennifer A. Nelson
DC Bar No. 1011387
The Reporters Committee for
Freedom of the Press
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
Phone:  202.795.9300
Facsimile:  202.795.9310
E-mail: ktownsend@rcfp.org
E-mail: jnelson@rcfp.org

*Counsel for Plaintiff*