# EXHIBIT B

OFFICE OF INSPECTOR GENERAL

# Management Alert - CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509



**November 16, 2017**
OIG-18-18



# OFFICE OF INSPECTOR GENERAL
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

November 16, 2017

MEMORANDUM FOR:  Kevin McAleenan
Acting Commissioner
U.S. Customs and Border Protection

FROM: John Roth
Inspector General

SUBJECT: Management Alert – *CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509*

For your action is our final management alert, *CBP's Use of Examination and Summons Authority Under 19 U.S.C. § 1509*, prepared by the DHS OIG Special Reviews Group. This final management alert incorporates the management response provided by your office.

The alert contains three recommendations aimed at ensuring that CBP personnel are informed and trained on the appropriate exercise of CBP's examination and summons authority under 19 U.S.C. § 1509. Based on the information provided in CBP's response to the draft alert, we consider Recommendations 1 and 2 resolved and open, and Recommendation 3 unresolved and open.

As prescribed by DHS Directive 077-01, *Follow-Up and Resolution for Office of Inspector General Report Recommendations*, within 90 days of the date of this memorandum, please provide our office with a written update on your corrective action plan and the target completion date for each recommendation. In this update, please identify the parties responsible for implementing the corrective action and provide any other supporting documentation necessary to inform us about the current status of the recommendations. Until your response is received and evaluated, the recommendations will remain open. Please send your written update to Special.Reviews@oig.dhs.gov.

Consistent with our responsibility under the *Inspector General Act of 1978*, as amended, we will provide copies of our report to congressional committees with oversight and appropriation responsibility over DHS. We will post the report on our website for public dissemination.

Please call me with any questions, or your staff may contact Diana Shaw, Director of the Special Reviews Group, at (202) 254-4100.



# OFFICE OF INSPECTOR GENERAL
Department of Homeland Security

## Background

On March 14, 2017, the U.S. Customs and Border Protection (CBP) Office of Professional Responsibility (OPR) issued a summons to Twitter, Inc. (Twitter) purportedly pursuant to its authority under 19 U.S.C. § 1509. The summons sought "[a]ll records regarding the twitter account @ALT_USCIS to include, User names, account login, phone numbers, mailing addresses, and I.P. addresses." On April 6, 2017, Twitter filed a complaint against CBP in federal court claiming the summons exceeded the scope of CBP's authority under 19 U.S.C. § 1509. Twitter further accused CBP of attempting to "unmask" the @ALT_USCIS anonymous speaker and infringing upon his or her First Amendment rights. On April 7, 2017, CBP withdrew the summons, and Twitter subsequently dismissed its complaint.

In the course of investigating the circumstances surrounding these events, the Department of Homeland Security (DHS) Office of Inspector General (OIG) identified issues concerning CBP's policies and practices with respect to summonses issued pursuant to 19 U.S.C. § 1509 (Section 1509 Summonses). As described further below, lack of clear guidance on the proper use of Section 1509 Summonses has resulted in inconsistent — and, in some cases, improper — use of such summonses. While we understand that CBP has taken steps to clarify the guidance, CBP can and should do more to ensure that its personnel are properly informed and educated about the appropriate use of Section 1509 Summonses.

### *CBP OPR's Use of a Section 1509 Summons in the @ALT_USCIS Case*

CBP issued the summons to Twitter regarding the @ALT_USCIS account for the purpose of identifying the owner of the account. CBP took the position that it needed this information in order to "insur[e] compliance with the laws of the United States administered by the [Service]" — *i.e.*, to investigate possible criminal violations by CBP officials, including murder, theft, and corruption.

However, Subtitle III, Part III of Title 19 — under which Section 1509 falls — addresses ascertainment, collection, and recovery of *customs duties*. Specifically, section 1509(a)(1) authorizes the U.S. Customs Service[1] (Service) to examine, or cause to be examined, any "record" that

---

[1] Pursuant to Section 403(1) of the *Homeland Security Act of 2002*, the functions, personnel, assets, and liabilities of the U.S. Customs Service were transferred from the Secretary of the Treasury to the Secretary of Homeland Security. DHS Delegation Number 7010.3 delegates to the CBP Commissioner, and through him to his officers and CBP employees, all rights, privileges, powers, and duties previously enforced or



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

may be relevant to an investigation or inquiry conducted by the Service for the purpose of (1) ascertaining the correctness of any entry [of merchandise]; (2) determining the liability of any person for duties, fees, and taxes due to the United States; (3) determining liability for fines and penalties; or (4) "insuring compliance with the laws of the United States administered by the [Service]."

Section 1509(d) details special procedures for issuing summonses to third parties. Section 1509(d)(1)(A) limits the scope of third-party summonses to "records" pertaining to prohibited merchandise, or records required to be kept under 19 U.S.C. § 1508. Section 1508 defines "records" as documents pertaining to the importation of merchandise into the customs territory of the United States, the filing of a draw-back claim, or the transportation and storage of merchandise carried or held under bond.

CBP's purpose in issuing the summons to Twitter was unrelated to the importation of merchandise or the assessment and collection of customs duties. Accordingly, CBP may have exceeded the scope of its authority under Section 1509 when it issued the summons to Twitter, a fact CBP OPR appeared to tacitly acknowledge when, on May 25, 2017, the Executive Director of CBP OPR's Investigative Operations Division (IOD) emailed CBP OPR personnel clarifying the limited contexts in which Section 1509 Summonses may properly be used:

> In the upcoming revised IOP, there will be additional information included to assist you and your agents navigate Title 8 and 19 summonses. In addition, the Commissioner has asked we change the review process. Until those details are finalized, I wanted to give you supplemental guidance regarding the issuance of summonses under 19 U.S.C § 1509 in criminal and administrative investigations involving employee misconduct. **OPR IOD may utilize a 1509 summons authority in investigations and inquiries involving employee misconduct, but only where such misconduct is connected to the importation, certain exportations, or transportation or storage under bond, of merchandise.** In such investigations, OPR may use a 1509 summons to obtain entry records or other records required to be kept under 19 U.S.C. § 1508. **In instances where records are sought from third parties, such as telecommunications providers, social media outlets, and banks, who are not otherwise obligated to keep records pursuant to 1508, the issuance of a 1509 summons requires probable cause to *believe* that the *records relate* to an importation of merchandise that is prohibited. Prior to issuance of a section 1509 summons to a third party, OPR agents are required to consult with the appropriate Associate/Assistant Chief Counsel office.**

(*emphasis added*)

The guidance communicated in this email brings CBP OPR's policy on the use of Section 1509 Summonses in line with the purpose and language of Title 19, and should assist CBP OPR personnel in determining when such summonses may properly be used. However, we

---

administered by the U.S. Customs Service, including the summons authority provided under 19 U.S.C. § 1509.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

understand that this email guidance is not yet reflected in CBP OPR's official operating policies or procedures. Specifically, as explained below, we understand that CBP OPR has not updated its Special Agent Internal Operating Procedures (IOP) to communicate this guidance on the proper use of Section 1509 Summonses, including the new legal review process.

*CBP OPR's Policy and Practice Regarding Use of Section 1509 Summonses*

CBP exercises its examination and summons authority under 19 U.S.C. §1509 using summons form DHS 3115, "Summons to Appear and/or Produce Records, 19 U.S.C. § 1509." CBP OPR's Special Agent Internal Operating Procedures sets forth the agency's policy with respect to the use of DHS 3115 / Section 1509 Summonses. Chapter 10.1 of the most recent version of the IOP, issued on April 15, 2016, states the following:

> **DHS Summons to Appear and/or Produce Records (DHS 3115)**
>
> SAs will utilize the DHS 3115 to obtain information related to Title 8 and Title 19 violations. This form may not be modified or updated in any manner. Absent a nexus to a Title 8 or Title 19 violation, the DHS 3115 may not be used. Coordinate with the AUSA or state/local prosecutor on use of the DHS 3115.
>
> This type of summons authorizes the examination of records to ensure compliance with customs law. As the DHS 3115 form, itself, specifies, it may be utilized "in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties or forfeitures, and/or to insure compliance with the laws or regulations administered by CBP and ICE."
>
> The DHS 3115 cannot be used in drug-smuggling or export investigations. If the investigation does not meet these limited criteria, the use of the DHS 3115 is not authorized.

Data provided by CBP to DHS OIG indicates that DHS 3115 regularly has been used by CBP OPR personnel in violation of the policy. For instance, despite the express prohibition against use of DHS 3115 in drug-smuggling cases, CBP OPR used DHS 3115 in at least 43 drug-smuggling cases between January 2015 and May 2017, representing approximately 20% of the total summonses issued by CBP OPR during this period. Based on this data, it appears CBP OPR's use of DHS 3115 during this period violated its own policy at least 1 out of every 5 times.

This same data reflects the use of DHS 3115 summonses in other questionable contexts. For instance, a DHS 3115 summons was used to obtain records from Craigslist in a matter involving a Border Patrol agent who allegedly attempted to sell government-issued night vision goggles on the site. Similarly, a DHS 3115 summons was used in several cases in which a CBP employee requested sick leave under false pretenses. It is difficult to see how such employee misconduct bears a nexus to Title 8



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

(aliens and nationality) or Title 19 (customs duties), as required by CBP OPR policy.

This evidence demonstrates a lack of understanding of the proper use of DHS 3115 / Section 1509 Summonses on the part of CBP OPR personnel. It indicates that these summonses are being used to obtain records — including records from third parties — in a wide range of cases having no nexus to Title 8 or Title 19. Such uses violate CBP OPR's stated policy and potentially open up the agency to legal challenges, as in the @ALT_USCIS case.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

## Recommendations

**Recommendation 1:** We recommend that CBP update the Special Agent Internal Operating Procedures immediately to reflect the guidance on the use of Section 1509 Summonses provided in the May 25, 2017 email referenced in this report from the Executive Director of CBP OPR's Investigative Operations Division.

**Recommendation 2:** We recommend that relevant CBP personnel receive training on the proper use of Section 1509 Summonses as soon as practicable.

**Recommendation 3:** We recommend that CBP look at use of Section 1509 Summonses across the agency to determine how such summonses are being used, and whether such uses comport with the law and CBP's updated policy.

## Management Comments and OIG Analysis

CBP concurred with the recommendations and provided comments to the draft alert. A summary of CBP's response and our analysis follows. We have included a copy of CBP's management response in its entirety in Appendix A. CBP also provided technical comments to the alert. We made changes to incorporate these comments, where appropriate.

CBP has taken, and is continuing to take, corrective action to address the issues raised in this alert. Specifically, CBP informed us that, between April and June 2017, CBP OPR delivered both verbal and written guidance to OPR agents at headquarters and field offices relating to the issuance of Section 1509 Summonses / DHS 3115. These updates were followed by training for OPR Special Agents in Charge (SACs) in July 2017. CBP further informed us that it will revise its IOP to reflect the updated guidance on the issuance of DHS 3115. Once the updated IOP is released, training will be provided to OPR SAC Offices.

Finally, CBP has created a CBP-wide working group to review and update the current CBP Directive on the Examination and Summons Authority Under 19 U.S.C. § 1509 to ensure that it reflects the updated guidance on the proper use of Section 1509 Summonses.

**Response to Recommendation #1: Concur.** CBP agreed to issue a revised IOP by April 30, 2018, which will include updated guidance on the issuance of Section 1509 Summonses / DHS 3115. The revised IOP will provide guidance on the issuance of Section 1509 Summonses



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

consistent with the guidance provided in the May 25, 2017 email from the Executive Director of CBP OPR's IOD. The revised IOP will also lay out a multi-level approval process for Section 1509 Summonses, which includes preliminary review by an OPR SAC, legal review by an Associate or Assistant Chief Counsel, review by the IOD Executive Director, and approval by the CBP OPR Assistant Commissioner.

While awaiting issuance of the revised IOP, CBP has taken steps to disseminate information about the updated guidance and new approval process to relevant CBP OPR personnel. This included issuing verbal and written guidance between April and June 2017.

**OIG Analysis of CBP's Response:** CBP concurred with our recommendation and provided copies of the written guidance already provided to CBP OPR personnel on the appropriate use of Section 1509 Summonses / DHS 3115. However, this recommendation will remain open and resolved until CBP OPR issues a revised IOP reflecting the updated guidance.

**Response to Recommendation #2:  Concur.** CBP agreed to provide training to all OPR SAC Offices following issuance of the revised IOP, which will include training on the updated guidance regarding issuance of Section 1509 Summonses / DHS 3115. CBP also conducted training with all OPR SACs in July 2017 on the appropriate use of Section 1509 Summonses / DHS 3115.

**OIG Analysis of CBP's Response:** CBP concurred with our recommendation and provided a copy of the training materials used to train OPR SACs in July 2017 on the appropriate use of Section 1509 Summonses / DHS 3115.  The guidance provided in the training materials is consistent with the guidance provided in the May 25, 2017 email from the Executive Director of CBP OPR's IOD. However, this recommendation will remain open and resolved until CBP OPR completes the training it intends to conduct at all OPR SAC Offices following issuance of the revised IOP.

**Response to Recommendation #3:  Concur.** On May 5, 2017, CBP created a CBP-wide working group to update the CBP Directive on the Examination and Summons Authority Under Title 19 U.S.C. § 1509 (Directive). The working group updated the Directive to reflect the current use of the examination and summons authority by various offices within CBP, and included a new training requirement for offices across CBP on the proper use of Section 1509 Summonses. The Directive is in final draft and is currently out for review and comment by all impacted CBP Offices.



# OFFICE OF INSPECTOR GENERAL
### Department of Homeland Security

**OIG Analysis of CBP's Response:** CBP concurred with our recommendation and provided a copy of the final draft version of the updated Directive. One sub-section of the draft Directive specifically addresses summonses issued to third parties pursuant to 19 U.S.C. § 1509, including social media outlets like Twitter. The sub-section specifies that if the requested records are not required to be kept under 19 U.S.C. § 1508, such summonses may be issued only if CBP has probable cause to believe the requested records pertain to merchandise the importation of which into the U.S. is prohibited. This instruction is consistent with the guidance provided in the May 25, 2017 email from the Executive Director of CBP OPR's IOD. A separate section of the draft Directive also requires CBP Offices to provide training to employees on best practices associated with the issuance of the 1509 summons.

While the draft Directive addresses the concerns reflected in Recommendations 1 and 2 of this alert, it does not address Recommendation 3. Recommendation 3 calls on CBP to review how its personnel have been using Section 1509 Summonses to determine whether such summonses are consistently being used in compliance with the law and CBP's updated policy. Accordingly, this recommendation will remain unresolved and open until CBP provides evidence that it has conducted this retrospective review.


**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

## Authorities

This management alert reflects work performed by the DHS OIG Special Reviews Group pursuant to Section 2 of the *Inspector General Act of 1978*, as amended. Specifically, this management alert provides information about the inconsistent and improper use of Section 1509 Summonses by CBP OPR for the purpose of keeping the Secretary of DHS and Congress fully and currently informed about problems and deficiencies relating to the administration of DHS programs and operations and the necessity for and progress of corrective action. This management alert is designed to promote the efficient and effective administration of, and to prevent and detect fraud and abuse in, the programs and operations of DHS.



# OFFICE OF INSPECTOR GENERAL
Department of Homeland Security

## Appendix A
## CBP Response to the Alert



1300 Pennsylvania Avenue NW
Washington, DC 20229

**U.S. Customs and Border Protection**

OCT 2 7 2017

| | |
|---|---|
| MEMORANDUM FOR: | John Roth<br>Inspector General<br>Department of Homeland Security |
| FROM: | Sean M. Mildrew<br>Senior Component Accountable Official<br>U.S. Customs and Border Protection |
| SUBJECT: | Management's Response to OIG Draft Management Alert: "CBP's Use of Summons Authority" (Project No. 17-SRG-3) |

Thank you for the opportunity to review and comment on this draft report. U.S. Customs and Border Protection (CBP) appreciates the work of the Office of Inspector General (OIG) in planning and conducting its review and issuing this report.

The CBP Office of Professional Responsibility's (OPR) intent has always been, and will continue to be, to utilize every lawful tool at its disposal to aggressively investigate allegations of criminal or serious misconduct on the part of CBP officers, agents or other employees. Guidance regarding the use of Section 1509 Summonses, as reflected in the OPR Special Agent Internal Operating Procedures (IOP), dated April 15, 2016, is consistent with that intent.

In May 2017, as referenced in OIG's draft alert, OPR headquarters issued new written guidance to its Special Agents in Charge on the use of Section 1509 Summonses. The new policy, presently in effect, requires that all summons requests undergo a legal sufficiency review and receive final written approval by the Assistant Commissioner of OPR prior to issuance. The new policy guidance will be incorporated into an updated IOP.

The draft report contained three recommendations, with which CBP concurs. Attached find CBP's detailed response to each recommendation.

Again, thank you for the opportunity to review and comment on this draft report. Technical comments were previously provided under separate cover. Please feel free to contact me if you have any questions. We look forward to working with you in the future.

Attachment



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

**Attachment: Management Response to the Office of Inspector General (OIG) Draft Management Alert:** *"CBP's Use of Summons Authority"* **(Project No. 17-SRG-3)**

The OIG recommended that CBP:

**Recommendation 1:** Update the Special Agent Internal Operating Procedures immediately to reflect the guidance on the use of Section 1509 Summonses provided in the May 25, 2017 email referenced in this report from the Executive Director of CBP OPR's Investigative Operations Division.

**Response:** Concur. CBP's Office of Professional Responsibility (OPR) has initiated a three pronged approach for immediate corrective action. The first prong commenced in April 2017, when CBP OPR delivered verbal guidance to OPR agents at headquarters and field offices on the issuance of the Customs Summons. The guidance included the requirement to obtain concurrence from the CBP Office of Chief Counsel (OCC) prior to issuance of any Customs Summons. The second prong for immediate corrective action was completed in May 2017, when CBP OPR provided additional written guidance to OPR agents related to the issuance of the Customs Summons. Lastly, the third prong for immediate corrective action was finalized in June 2017. CBP OPR released written guidance to OPR agents on the issuance of the DHS 3115, Customs Summons, and Immigration Enforcement Subpoena to Appear and/or Produce Records (Title 8 USC § 1225(d)), requiring final approval from the Assistant Commissioner of OPR on all requests.

The guidance also includes a three level approval process. First, OPR Special Agents in Charge (SAC) will review all summons and subpoenas and supporting documentation to ensure compliance with applicable authorities and policies, prior to submission to OCC. Next, the appropriate Associate or Assistant Chief Counsel (ACC) office will review the requests for legal sufficiency and provide a recommendation regarding issuance of the subpoena or summons. Lastly, the OPR SAC will ensure a copy of the summons or subpoena and ACC's legal review and recommendation are forwarded to IOD Headquarters for review by the IOD Executive Director and approval by the CBP OPR Assistant Commissioner. In addition, CBP OPR is revising the Investigative Operations Division (IOD) Internal Operating Procedures (IOP) 2.0, and expects to issue the updated guidance no later than April 30, 2018. The IOP 2.0 will include the revised and updated guidance on the issuance of the DHS 3115.

Estimated Completion Date (ECD): April 30, 2018

**Recommendation 2:** Relevant CBP personnel receive training on the proper use of Section 1509 Summonses as soon as practicable.

**Response:** Concur. In July 2017, all OPR SACs were provided updated training from CBP OCC on the authority and issuance of the DHS 3115, pursuant Title 19 U.S.C. § 1509, as it relates to CBP OPR. Additionally, once the IOP 2.0 is released, OPR anticipates conducting an



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Attachment: Management Response to the Office of Inspector General (OIG) Draft Management Alert: "CBP's Use of Summons Authority" (Project No. 17-SRG-3)
Page 2

IOP 2.0 Training to all of the OPR SAC Offices. The training will cover every chapter of IOP 2.0, to include the updated guidance on the issuance of the DHS 3115 Summons.

ECD: May 30, 2018

**Recommendation 3:** Look at use of Section 1509 Summonses across the agency to determine how such summonses are being used, and whether such uses comport with the law and CBP's updated policy.

**Response:** Concur. On May 5, 2017, CBP created a CBP-wide working group, spearheaded by CBP OCC, to update the CBP Directive on the Examination and Summons Authority under Title 19 U.S.C. § 1509. The working group reviewed the existing CBP Directive and has revised it to reflect the current use of the summons authority by various offices within CBP. The CBP Directive will also include a training requirement for offices across the agency on proper use of Section 1509 summonses. The CBP Directive is in final draft and pending review and comment from all impacted CBP Offices.

ECD: May 30, 2018



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

## Appendix B
## Report Distribution

**Department of Homeland Security**

Secretary
Deputy Secretary
Chief of Staff
Deputy Chiefs of Staff
General Counsel
Executive Secretary
Director, GAO-OIG Liaison Office
Assistant Secretary for Office of Policy
Assistant Secretary for Office of Public Affairs
Assistant Secretary for Office of Legislative Affairs

**U.S. Customs and Border Protection**

Commissioner
Assistant Commissioner, Office of Professional Responsibility
Audit Liaison Office

**Office of Management and Budget**

Chief, Homeland Security Branch
DHS OIG Budget Examiner

**Congress**

Congressional Oversight and Appropriations Committees

## **Additional Information and Copies**

To view this and any of our other reports, please visit our website at: www.oig.dhs.gov.

For further information or questions, please contact Office of Inspector General Public Affairs at: DHS-OIG.OfficePublicAffairs@oig.dhs.gov.
Follow us on Twitter at: @dhsoig.



## **OIG Hotline**

To report fraud, waste, or abuse, visit our website at www.oig.dhs.gov and click on the red "Hotline" tab. If you cannot access our website, call our hotline at (800) 323-8603, fax our hotline at (202) 254-4297, or write to us at:

>Department of Homeland Security
>Office of Inspector General, Mail Stop 0305
>Attention: Hotline
>245 Murray Drive, SW
>Washington, DC 20528-0305